CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**,<br><br>　　Plaintiff,<br><br>v.<br><br>**Rafat Salib,** in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017;<br>**Suzan Salib,** in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017;<br>**America Oil Company, Inc. #9,** a California Corporation; and Does 1-10,<br><br>　　Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

　　Plaintiff Orlando Garcia complains of Rafat Salib, in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017; Suzan Salib, in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017; America Oil Company, Inc. #9, a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual dexterity issues. He uses a wheelchair for mobility.

2. Defendants Rafat Salib and Suzan Salib, in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017, owned the real property located at or about 3678 E. Foothill Blvd., Pasadena, California, in January 2020.

3. Defendants Rafat Salib and Suzan Salib, in individual and representative capacity as trustee of The Salib Family Trust dated January 17, 2017, own the real property located at or about 3678 E. Foothill Blvd., Pasadena, California, currently.

4. Defendant America Oil Company, Inc. #9 owned 76 gas station located at or about 3678 E. Foothill Blvd., Pasadena, California, in January 2020.

5. Defendant America Oil Company, Inc. #9 owns 76 gas station ("Gas Station") located at or about 3678 E. Foothill Blvd., Pasadena, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Gas Station in January 2020 with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

11. The Gas Station is facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible paths of travel inside the Gas Station store in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel inside the Gas Station store.

14. Additionally, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible door hardware in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

15. On information and belief, the defendants currently fail to provide wheelchair accessible door hardware.

16. Moreover, on the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible sales counters in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

17. On information and belief, the defendants currently fail to provide wheelchair accessible sales counters.

18. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

19. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

23. Plaintiff will return to the Gas Station to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Gas Station and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers

on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

24. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those

Complaint

services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.
   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. When a business provides paths of travel, it must provide accessible paths of travel.

28. Here, accessible paths of travel have not been provided.

29. When a business provides door hardware, it must provide accessible door hardware.

30. Here, accessible door hardware has not been provided.

31. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

32. Here, accessible sales or transaction counters have not been provided.

33. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Here, the failure to ensure that the accessible facilities were available

Complaint

and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

38. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

39. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

7

Complaint

plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 6, 2020          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

Complaint